IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:10CR91 |
| vs. | ) | |
| | ) | |
| JESUS HERNANDEZ-LOPEZ, | ) | **PRELIMINARY ORDER OF FORFEITURE** |
| BRYAN COTA, | ) | |
| ALBERTO HEREDIA-CASTRO, | ) | |
| | ) | |
| Defendants. | ) | |

NOW ON THIS 18th day of October, 2010, this matter comes on before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture. The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. The Defendants have entered into Plea Agreements, whereby the Defendant, Jesus Hernandez-Lopez, has agreed to plead guilty to Counts I and IV(a) and (b), the Defendant, Bryan Cota, has agreed to plead guilty to County I and IV(c) and the Defendant, Alberto Heredia-Castro, has agreed to plead guilty to Counts I and IV(d) of said Indictment. Count I charges the Defendants with one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846. Count IV of said Indictment charges the Defendant with using the following:

   a. $8,876.00 in United States currency, from the residence of 4664 Drexel Street, Omaha, Nebraska, seized on February 11, 2010;

   b. $1,428.00 in United States currency and 1000 Mexican Pesos, found on the person of Jesus Hernandez-Lopez, a/k/a Robertito, on February 11, 2010;

   c. $216.00 in United States currency found on the person of Bryan Cota and a 2002 White Jeep Grand Cherokee, VIN #1J4GW58N62C209099, from the residence of 4664 Drexel Street, Omaha, Nebraska, seized on February 11, 2010;

  d.  $517.00 in United States currency found on the person of Alberto Heredia-Castro, a/k/a Beto, seized on February 11, 2010.

to facilitate the commission of the conspiracy and charges said personal properties are derived from proceeds obtained directly or indirectly as a result of the commission of the conspiracy.

  2. By virtue of said pleas of guilty, the Defendants forfeit their interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 21 U.S.C., § 853.

  3. The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained.

  IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

  A. The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

  B. Based upon Count IV of the Indictment and the Defendants' pleas of guilty, the United States is hereby authorized to seize the following-described properties:

  a.  $8,876.00 in United States currency, from the residence of 4664 Drexel Street, Omaha, Nebraska, seized on February 11, 2010;

  b.  $1,428.00 in United States currency and 1000 Mexican Pesos, found on the person of Jesus Hernandez-Lopez, a/k/a Robertito, on February 11, 2010;

  c.  $216.00 in United States currency found on the person of Bryan Cota and a 2002 White Jeep Grand Cherokee, VIN #1J4GW58N62C209099, from the residence of 4664 Drexel Street, Omaha, Nebraska, seized on February 11, 2010;

  d.  $517.00 in United States currency found on the person of Alberto Heredia-Castro, a/k/a Beto, seized on February 11, 2010.

C.  The Defendant's interest in the $333.00 is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C., § 853(n)(1).

D. The aforementioned forfeited properties are to be held by the United States in its secure custody and control.

E.  Pursuant to 21 U.S.C., § 853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official internet government forfeiture site www.forfeiture.gov notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendants, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

H. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C., § 853(n), in which all interests will be addressed.

ORDERED this 18th day of October, 2010.

BY THE COURT:

*s/ Joseph F. Bataillon*
**CHIEF DISTRICT JUDGE**